**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-60118-CR-RUIZ**

**UNITED STATES OF AMERICA**

vs.

**TERRONCE MORRIS and**
**BLAKE KELLY,**

    **Defendants.**
_____/

**GOVERNMENT'S MOTION TO REVOKE AND ESTREAT BOND**

Since his arrest on July 21, 2023, Defendant Morris has directly contacted at least two victims of his identity theft fraud through at least a dozen instances of in-person meetings, emails, calls, and text messages. Morris continues to steal money from these victims by lies and forged documents. The United States of America respectfully files this motion to revoke and estreat Morris' two bond orders in this case, for engaging in the crimes of witness tampering, contempt, and wire fraud, among other bond violations. On June 14, 2023, a grand jury charged Morris with conspiracy to commit mail and wire fraud and aggravated identity theft for, among other things, creating fake concert contracts and forging Justin Bieber, Billie Eilish, Post Malone's signatures. He has stolen millions of dollars from at least four victims. The Indictment identifies just one of those victims, J.R. Morris, a concert promoter, lied to J.R. and told him that he represented Bieber and that Bieber would perform at a concert series that, of course, never happened. The government recently uncovered, mainly through additional bank records, witness interviews, and inculpatory documents from Morris' own Apple iCloud account, that Morris, without co-defendant Kelly, used the same modus *modus operandi* to steal millions more from t other victims. Morris continued his

fraud scheme even after receiving several cease and desist letters from the real Justin Bieber's attorneys, in March 2020.

On July 21, 2023, the FBI arrested Morris in Texas for the warrant in this case. He had his initial appearance on or about July 24, 2023, and received the bond memorialized on this docket, DE12. One of the main conditions of bond was to "avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: Post Malone, Billie Eilish, Justin Bieber, and John Robinson." *Id.* Weeks later, Morris made his appearance in this Court and received a similar bond with the same restriction regarding victim witnesses and reminded him to "avoid all contact" with victims or witnesses. DE14. Both his Texas and Florida bonds also restrict him from violating federal, state and local laws while on release.

Based on recent victim interviews and documents obtained from same, after his arrest, it is now apparent that Morris never stopped his lies and cheating and continued to use fake a forged Justin Bieber signatures to extract even more money from his victims. Morris has also continued to lull his victims into believing that these bogus contract and concerts would actually happen. To name a few instances of his recent criminal conduct, less than one-month post-arrest, Morris told victim W.P. that the Bieber concert would still happen and that he was just waiting for dates from Bieber. In September 2023, Morris had the same victim tell another Morris victim that the Bieber concert would happen in October or November 2023. That same month Morris asked victim W.P. for $2500 to pay towards the new Bieber concert. The victim actually paid Morris the money based on Morris' repeated lies. Ex. 1. In November 2023, Morris texted the same victim with a message, "will get everything done." And not content with forging bogus Malone, Eilish, and Bieber contracts, Morris lied to the same victim about securing a "Drake" concert, to which the

victim sent Morris $150,000!  Two months after his arrest, in December 2023, Morris had the victim fly to Los Angeles to personally meet with Morris and Bieber. Morris met with the victim to further gain his confidence that the concert would go on and he attempted to extract even more money from the victim.  Of course, no meeting with Justin Bieber occurred because all of Morris' claims are baseless lies.

Later in December 2023, Morris continued his fraud scheme with victim W.P. and told him that the Bieber concert would now happen in February 2024.  Morris then exchanged emails with the victim that references "New JB contracts Feb 2024." Ex. 2.  According to the victims recently interviewed, Morris never told either of them that he was indicted and arrested for stealing money using the same brand of lies.  And as recently as last week, victim W.P. told Morris that he knew he had been indicted in this case.  Morris' response:  He told the victim that he would make sure the Bieber concert would happen in the near future.

Based on the above misconduct, aside from the new potential wire fraud charges, there is probable cause to charge Morris with witness tampering in violation of 18 U.S.C § 1512(b), and there is probable cause to determine that Morris also committed the crime of criminal contempt for violations of this and the Texas federal District Court's bond orders, contrary to 18 U.S.C. § 401. Pursuant to 18 U.S.C. § 3148(b)(1)(A), a presumption arises that bond for Morris must be revoked in this case.  The record in this case shows a pattern of ongoing criminality, defiance of this Court's authority, and contempt for its orders. For these reasons and as set forth more fully below, the Court's bond orders in this case should be immediately revoked and Morris should be detained pretrial.

### **Revocation of Bond is Required on this Record by Fed. Rule Crim. P. 46(f)(1)**

Morris has not honored the terms of the two appearance bonds. The provisions of Fed. R. Crim. P. 46(f)(1), provide that: "The district court must declare the bail forfeited if a condition of the bond has been breached." Title 18, United States Code, Section 3148(b), states, in pertinent part, that the "judicial officer shall enter an order of revocation and detention," if there is: a) probable cause to believe that the person has committed a Federal, State or local crime while on release; and b) the judicial officer finds that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1) & (2)(B). Section 3148 goes on to provide:

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

18 U.S.C. § 3148.  This case is similar to the case of *United States v. Bailyson*, 2018 Wl 3323210, (S. D. FL July 7, 2018), in which Judge Matthewman ordered a defendant held without bond. There, the Court ordered the defendant detained because of similar misconduct, and stated: "While a finding of economic danger to the community is not a stand-alone factor supporting detention as noted above in this Order, it may still be considered when determining whether Defendant poses a substantial or serious risk of flight or nonappearance." There, like here, the defendant was a recidivist charlatan who engaged in repeated schemes that were the subject of the indictment as well as before and after the charged conduct. The court held: "Defendant appears to be a serial fraudster and an economic danger to the community if released from custody. The Court therefore considers and credits this factor as it relates to serious risk of flight or nonappearance." *Id*. at *4. Morris is this and more.

4

Regarding the latest evidence of continued criminal enterprise, witness tampering, and obstruction of justice, "[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985). "[E]ven a single incident of witness tampering . . . [may be] sufficient to revoke bail." *United States v. LaFontaine*, 210 F.3d 125, 134 (2d Cir. 2000); *United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993) (holding that a general threat of witness tampering may justify pretrial detention); *United States v. Gamble*, Criminal No. 19-348, 2019 WL 6877755, at *6 (D.D.C. Dec. 17, 2019) ("[O]bstruction of justice does pose a serious danger to the community as contemplated under Section 3142(g)(4)."); *United States v. Young*, Case Nos. 12-CR-502, 2013 WL 12131300, at *7 (D. Utah Aug. 27, 2013) ("Danger to community may include non-violent propensities, such as a record of obstruction of justice.").

Morris has tampered with witnesses by lulling them into further believing his lies. He continues to commit the same fraud scheme to which he was indicted and is committing new wire fraud via lies for money using the same artifice noted in the Indictment. Morris cannot be trusted on release. The clear probable cause shows that his pattern of defiance of Court ordered and his insatiable appetite to commit aggravated identity theft and wire fraud should cause his pretrial detention.

Courts have held that the revocation or forfeiture required by these provisions is mandatory, even though the forfeiture component may later be set aside under the further provisions of paragraph (f). *United States v. Stanley*, 601 F.2d 380 (9th Cir. 1979); *Smith v. United States*, 357 F.2d 486, 490 (5th Cir. 1966); Wright, Federal Practice & Procedure: Criminal 2d § 776. No notice to the defendant or surety concerning the failure to appear or action for estreature

is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. *United States v. Vera-Estrada*, 577 F.2d 598 (9th Cir. 1979); *United States v. Marquez*, 564 F.2d 379, 381 (10th Cir. 1977).

The Government therefore moves the Court to revoke and estreat the two appearance bonds as to the defendant, and for his detention forthwith. The Government notes that the $100,000 surety bond is secured by his father as a co-signer.

### Request for Bond Forfeiture Judgment

The provisions of Fed. R. Crim. P. 46(e)(3) permit the court, on motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provide that the obligor on the bond submit to jurisdiction and irrevocably appoint the clerk of court their agent for service of process when they execute the bond.

### Conclusion

The Court should revoke the order of pretrial release of defendant Morris, and revoke and estreat Morris' appearance bond. Should the Court find that it has no jurisdiction to estreat Morris' Texas federal bond then it seeks relief as to this Court's bond only. The Court should also enter a final judgment of forfeiture of the appearance bonds in favor of the United States as to the sum of the $100,000 personal surety bond, as prescribed by 28 U.S.C. § 1961.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ Roger Cruz
Roger Cruz
Florida Special Bar No. 157971
Assistant United States Attorney
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9260
Email: roger.cruz@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                              /s/ Roger Cruz
                                              Assistant United States Attorney